# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TRUINJECT CORP., § | |
| § | |
| *Plaintiff*, § | Civil Action No. 4:20-cv-457 |
| § | Judge Mazzant |
| v. § | |
| § | |
| NESTLÉ S.A., NESTLÉ SKIN HEALTH § | |
| S.A., GALDERMA, S.A., GALDERMA § | |
| LABORATORIES, L.P., NESTLÉ SKIN § | |
| HEALTH, INC., EQT AB, PSP § | |
| INVESTMENTS, LUXINVA, S.A., JOHN § | |
| ROGERS, STUART RAETZMAN, § | |
| SCOTT MCCREA, ALISA LASK, § | |
| WARREN J. WINKELMAN, PIERRE § | |
| STREIT, QUINTIN CASSADY, PER § | |
| LANGÖ, HANH PHAM, ERICK § | |
| BRENNER, and TIPHANY LOPEZ, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss or, in the Alternative, to Transfer or Stay, Pursuant to the First-to-File Rule and the Claim-Splitting Doctrine (Dkt. #42). Having considered the Motion and the relevant pleadings, the Court finds that it should be granted in part and denied in part.

## BACKGROUND

This litigation traces back to late 2018 when Truinject Corp. ("Truinject") brought suit against Nestlé Skin Health S.A. and several other entities and individuals in the United States District Court for the Central District of California, alleging that Defendants breached contracts with, misappropriated trade secrets of, and infringed on patents and trade dress of Truinject (Dkt. #43, Exhibit A). On March 28, 2019, the Central District of California transferred the case to the

United States District Court for the District of Delaware. *Truinject Corp. v. Nestle Skin Health, S.A.*, No. 818CV01851JLSJDE, 2019 WL 1449641, at *7 (C.D. Cal. Mar. 28, 2019). The transfer was effected under § 1404 and valid forum-selection clauses between the parties. *Id.* at *4–7. After the District of Delaware ruled on various motions that dismissed several defendants and claims, Truinject amended its complaint to reshape its Delaware action (Dkt. #42 at pp. 9–13). Shortly thereafter, Truinject would make its way down to the Eastern District of Texas.

On June 5, 2020, Truinject filed its Complaint before the Court (Dkt. #1). The Complaint "includes all the same parties that are or were defendants in the Delaware Action and asserts all of the same claims alleged in Delaware as well as additional ones" (Dkt. #42 at p. 13). While some differences exist as to the causes of actions pleaded in the two complaints, the Complaint in the Eastern District of Texas centers around "the very same acts, events, transactions, and patents asserted in the Delaware Action" (Dkt. #42 at p. 13). On August 28, 2020, Defendants filed their Rule 12(b)(6) Motion to Dismiss or, in the Alternative, to Transfer or Stay, Pursuant to the First-to-File Rule and the Claim-Splitting Doctrine (Dkt. #42), currently before the Court. On September 28, 2020, Truinject filed its response (Dkt. #55). On October 9, 2020, Defendants filed their reply to Truinject's response (Dkt. #58).

## LEGAL STANDARD

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed *may* refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (emphasis added). This rule exists to support "comity and sound judicial administration" among the federal courts. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *see Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 599 (E.D. Tex. 2019)

("The first-to-file rule is a venue and efficiency consideration, not an adjudication on the merits or a question of jurisdiction."). "The rule's ultimate aim is to avoid three potential, undesirable outcomes: (1) 'the waste of duplication,' (2) 'rulings which may trench upon the authority of sister courts,' and (3) 'piecemeal resolution of issues that call for a uniform result.'" *In re: Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 WL 6161495, at *5 (E.D. Tex. Oct. 21, 2020) (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985)). "'When related cases are pending before two federal courts,' the first-to-file rule generally allows 'the court in which the case was last filed to refuse to hear it if the issues raised by the cases substantially overlap.'" *Id.* (brackets omitted) (quoting *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677–78 (5th Cir. 2011).

To determine if substantial overlap exists, courts in the Fifth Circuit examine "whether 'the core issue was the same' or if 'much of the proof adduced would likely be identical." *Int'l Fid. Ins. Co.*, 665 F.3d at 678 (footnote and ellipses omitted) (first quoting *W. Gulf Mar. Ass'n*, 751 F.2d at 730; and then quoting *Mann Mfg., Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)). Though the cases need not be identical for the first-to-file rule to apply, *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 976 (5th Cir. 2015) (per curiam), they "must be 'more than merely related.'" *Brocq v. Lane*, No. 3:16-CV-2832-D, 2017 WL 1281129, at *2 (N.D. Tex. Apr. 6, 2017) (quoting *Buckalew v. Celanese, Ltd.*, No. CIV.A. G-05-315, 2005 WL 2266619, at *2 (S.D. Tex. Sept. 16, 2005)). If overlap between the cases is less than complete, courts have looked to additional factors, such as "the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Save Power Ltd.*, 121 F.3d at 951 (internal quotation marks omitted) (quoting *TPM Holdings, Inc. v. Intra–Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)). If substantial overlap exists, "the proper course of action is for the court to transfer the

3

case to the first-filed court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Wells Fargo Bank, N.A. v. W. Coast Life Ins.*, 631 F. Supp. 2d 844, 847 (N.D. Tex. 2009) (citing *Cadle*, 174 F.3d at 606); *see Texas Health Mgmt. LLC v. HealthSpring Life & Health Ins. Co., Inc.*, 380 F. Supp. 3d 580, 588 n.6 (E.D. Tex. 2019) (affirming that district courts should not act as "super appellate court[s]" when applying the first-to-file rule).

But a finding of substantial overlap does not end the inquiry. *In re: Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *6. Mechanical application of the first-to-file rule is not required on every occasion and may very well be inappropriate in specific instances. *See, e.g.*, *Hunt-Collin Elec. Co-op, Inc. v. Rayburn Country Elec. Co-op, Inc.*, No. CIV. A. S-87-211-CA, 1988 WL 428654, at *2 (E.D. Tex. Feb. 5, 1988) ("Blindly applying the first-to-file rule only on the basis of the actual filing dates . . . would not further the goals of the rule." (cleaned up)). Only "[i]n the absence of *compelling circumstances*" should it be employed. *Mann Mfg., Inc.*, 439 F.2d at 407 (emphasis added). While the Fifth Circuit has provided limited "guidance or examples as to what sort of circumstances it would consider 'compelling,'" *Twin City Ins. Co. v. Key Energy Servs., Inc.*, No. CIV A H-09-0352, 2009 WL 1544255, at *4 (S.D. Tex. June 2, 2009), rigidly applying the first-to-file rule when compelling circumstances present themselves leads to the abandonment of the "comity principles that underlie the . . . rule" itself. *See W. Gulf Mar. Ass'n*, 751 F.2d at 730; *see also, e.g.*, *Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 n.8 (5th Cir. 1985).

## ANALYSIS[1]

The Delaware and Texas actions are the textbook example of suits that substantially overlap. The case in the District of Delaware and the case currently before the Court were brought

---

[1] Because the first-to-file analysis is dispositive, the Court does not address Defendants' claim-splitting theory.

against almost identical individuals and entities. Both cases center around the same operative facts. *Compare* (Dkt. #43, Exhibit H at pp. 44–97), *with* (Dkt. #1 at pp. 62–135). And the causes of action alleged in the complaint filed in the District of Delaware square almost exactly with the causes of action in this case (*see* Dkt. #42 at pp. 14–15, 18–19). Substantial overlap exists between these lawsuits—even Truinject concedes as much (Dkt. #55 at p. 16).

Yet Truinject remains steadfast in its call for the Court to decline to apply the first-to-file rule, arguing that "compelling circumstances" exist (Dkt. #55 at pp. 20–21). "Fifth Circuit courts have specifically identified two situations in which compelling circumstances prevent the application of the first-to-file rule," *In re: Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *7, neither of which align with the case brought by Plaintiff. This case does not involve the "bad faith" exception or the "anticipatory-filing" exception. *Id.* And even though the first-to-file rule is "not a 'rigid or inflexible rule to be mechanically applied'" and should be employed "with a view to the dictates of sound judicial administration," *Buffalo Wild Wings, Inc. v. BWR McAllen, Inc.*, No. CIV.A. H-10-1265, 2010 WL 2640122, at *2 (S.D. Tex. June 30, 2010) (internal quotation marks omitted in second quotation) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)), Truinject does not attempt to articulate a single circumstance with any semblance of specificity that would lead the Court to set aside the first-to-file rule.

Instead, Truinject encourages the Court to "use the convenience factors associated with transferring a case under 28 U.S.C. § 1404(a) to determine if compelling circumstances exist" (Dkt. #55 at p. 21). While federal district courts in Texas are divided as to the application of the

§ 1404 factors in the first-to-file context, *see In re: Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *7 n.8, the Court declines Plaintiff's invitation here for a few reasons.

First, Truinject argues that *Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983), and *Hart v. Donostia LLC*, 290 F. Supp. 3d 627 (W.D. Tex. 2018), allow the Court to use the § 1404 convenience factors in the compelling-circumstances analysis (Dkt. # 55 at p. 21 & n.72). The Court cannot agree with Truinject's reading of these cases. In *Mission Insurance*, the Fifth Circuit did affirm the district court's decision to apply the first-to-file rule and dismissed the first-filed action after analyzing the § 1404 convenience factors. *Mission Ins. Co.*, 706 F.2d at 603. But this was appropriate because the district court in *Mission Insurance* was the *first-filed court*, and it was therefore within its discretion to make this decision. *Id.* at 600–01. Such is not the case here. *Hart* is also inapposite because the district court there did not find that the two lawsuits in question substantially overlapped. *Hart*, 290 F. Supp. 3d at 632–33. By contrast, the case currently before the Court and the case in the District of Delaware do substantially overlap. *Mission* and *Hart* do not support Truinject's argument.

As well, the first-to-file rule makes clear that it is not within the Court's purview here to evaluate and weigh the considerations Truinject urges. The first-to-file rule is "is a by-product of the well-established axiom" that federal district courts should refrain from intruding in the business of sister courts out of a concern for comity. *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997). At its core, the rule's inquiry is a determination as to which court will "resol[ve] . . . [the] issues that call for a uniform result." *W. Gulf Mar. Ass'n*, 751 F.2d at 729. Except in rare instances, the first-filed court should make decisions regarding substantially overlapping lawsuits, including issues of jurisdiction and venue. *See Cadle*, 174 F.3d 599, 604 (5th Cir. 1999). "A second-filed court plays a limited role when presented with a motion to transfer

or stay based on the first-to-file rule." *Stannard v. Nat'l Indoor RV Ctrs., LLC*, No. 4:18-CV-00366, 2018 WL 3608560, at *1 (E.D. Tex. July 27, 2018). And "[a]s the second-filed court, the Court's limited role is to determine whether there is substantial overlap between the two suits." *Platt v. Nash*, No. 4:16-CV-00294, 2016 WL 6037856, at *2 (E.D. Tex. Oct. 14, 2016). Allowing the non-movant to bootstrap a § 1404 analysis to its response in opposition to a first-to-file motion would cause the Court to unduly encroach upon the domain of a sister court, thereby subverting the first-to-file rule and its purpose altogether. The Court declines to do so.

Moreover, the Court finds it generally unnecessary to apply the § 1404 convenience factors in the context of the first-to-file analysis. The first-to-file rule sounds in the "principles of comity and sound judicial administration," *Save Power Ltd.*, 121 F.3d at 950, furthering the policy goal of "federal district courts . . . exercis[ing] care to avoid interference with each other's affairs," *W. Gulf Mar. Ass'n*, 751 F.2d at 728. The purpose of § 1404 is notably similar to that of the first-to-file rule—Congress enacted the venue-transfer statute "to afford [federal courts] a powerful tool to bring forth efficient judicial case management." *In re Rolls Royce Corp.*, 775 F.3d 671, 677 (5th Cir. 2014). Because the Court's analytical approach to the first-to-file question "account[s] for the 'rationale underlying' the discrete § 1404 *and* first-to-file analyses—'namely the practical problems and judicial inefficiency caused by parallel litigation'"—the Court does not find it necessary to engage the § 1404 convenience factors in this setting. *See In re: Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *7 n.8 (emphasis added) (quoting *ExpressJet Airlines, Inc. v. RBC Capital Markets Corp.*, No. CIV A H-09-992, 2009 WL 2244468, at *10 n.4 (S.D. Tex. July 27, 2009)).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Dismiss or, in the Alternative, to Transfer or Stay (Dkt. #42) is hereby **GRANTED** and this case is transferred to the United States District Court for the District of Delaware. All other relief sought in the Motion is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 18th day of November, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE