# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUINJECT CORP., </br> </br>Plaintiff, </br> </br>v. </br> </br>NESTLÉ S.A, NESTLÉ SKIN HEALTH, S.A., GALDERMA, S.A., GALDERMA LABORATORIES, L.P., NESTLÉ SKIN HEALTH, INC., EQT, PSP INVESTMENTS, LUXIVNA, S.A., JOHN ROGERS, STUART RAETZMAN, SCOTT MCCREA, ALISA LASK, WARREN J. WINKELMAN, PIERRE STREIT, QUINTIN CASSADY, PER LANGÖ, HANH PHAM, ERICK BRENNER, AND TIPHANY LOPEZ, </br> </br>Defendants. | C.A. No. 20-1675 (LPS) </br> </br>JURY TRIAL DEMANDED |

## JOINT STATEMENT PURSUANT TO D. DEL. L.R. 81.2

On December 18, 2020, this action was transferred from the Eastern District of Texas to this Court. Pursuant to D. Del. L.R. 81.2, Plaintiff, Truinject Corporation ("Truinject"), and Defendants Galderma Laboratories, L.P., Galderma S.A., SHDS, Inc. f/k/a Nestlé Skin Health, Inc., Galderma Holding S.A. f/k/a Nestlé Skin Health S.A., John Rogers, Stuart Raetzman, Scott McCrea, Alisa Lask, Warren Winkelman, Quintin Cassady, Per Langö, Hanh Pham, Erick Brenner, Tiphany Lopez, David Lee, Didier Leclercq, and Pierre Streit[1] (collectively, "Defendants"), identify the following matters that require judicial attention:

---

[1] This joint statement is made subject to and without waiving any objection by Galderma Holding S.A. f/k/a Nestlé Skin Health S.A. and/or Pierre Streit that the Court lacks personal jurisdiction over them.

# FACTUAL AND PROCEDURAL BACKGROUND[2]

A. The Delaware Suit

On October 10, 2018, Truinject filed suit in the United States District Court for the Central District of California against Nestlé Skin Health, S.A., Galderma, S.A., Galderma Laboratories, L.P., John Rogers, Stuart Raetzman, Scott McCrea, Alisa Lask, and Tiphany Lopez. The complaint asserted claims for patent infringement, trade secret misappropriation, trade dress infringement, unfair competition, breach of contract, breach of good faith and fair dealing, deceit, aiding and abetting fraud, and tortious interference with business expectancy/prospective economic advantage.[3]

On March 29, 2018, the California District Court transferred the case to the District of Delaware based on mandatory forum selection clauses (C.A. No. 19-592, the "Delaware Suit").[4] On May 29, 2019, Truinject filed a First Amended Complaint, where it added Nestlé Skin Health, Inc. (n/k/a SHDS, Inc.) as a defendant.[5] On March 17, 2020, the Court dismissed Nestlé Skin Health S.A. for lack of personal jurisdiction and dismissed all claims against John Rogers, Stuart Raetzman, Scott McCrea, Tiphany Lopez and Alisa Lask, for failure to state a claim.[6] The Court also dismissed certain claims asserted against Galderma Labs, Galderma S.A., and Nestle Skin Health, Inc. for failure to state a claim.[7] In its March 17, 2020 Order, the Court stated:

> Truinject may file an amended complaint addressing the specific deficiencies identified by [Judge Hall's Report and Recommendation]. Any such amended complaint . . . shall not contain any new causes of action. If Truinject wishes to expand this case beyond addressing the specific deficiencies noted in [Judge Hall's

---

[2] The background and procedural history of this litigation are summarized in the Reports and Recommendations issued by the Court in related case, C.A. 19-592-LPS-JLH, D.I. 169 and D.I. 178.
[3] Case 19-592, D.I. 1.
[4] Case 19-592, D.I. 101.
[5] Case 19-592, D.I. 112.
[6] Case 19-592, D.I. 193.
[7] *Id.*

2

Report], it must seek leave to amend and obtain Defendants' consent and/or be granted leave by the Court.[8]

On April 2, 2020, Truinject met and conferred with Defendants regarding Truinject's proposal to add claims and new defendants to the Delaware Suit.

On April 30, 2020, Truinject filed a Second Amended Complaint against Galderma S.A., Galderma Laboratories, L.P., and Nestlé Skin Health, Inc. (f/k/a SHDS, Inc.) (collectively, the "Delaware Defendants") for breach of contract, tortious interference, patent infringement, trade secret misappropriation, trade dress infringement, DTPA violations, and unfair competition.[9] The Delaware Defendants filed a motion to dismiss and on August 28, 2020, Judge Hall entered a Report and Recommendation granting the motion to dismiss the tortious interference claims and the unfair competition claim to the extent that it relies on allegations of trade secret misappropriation, passing off, or the Physician Payment Sunshine Act.[10] On November 20, 2020, the Court issued a Memorandum Order adopting Judge Hall's August 28, 2020 Report and Recommendations.[11] In its Order, the Court authorized Truinject to file a third amended complaint—solely to amend its tortious interference claims—no later than December 11, 2020.[12] Truinject did not file an amended complaint.

**B.   The Texas Suit**

On June 5, 2020, Truinject filed a complaint in the Eastern District of Texas against the three Galderma entities currently defendants in the Delaware Suit and numerous other individuals and entities (the "Texas Suit"). More specifically, the Texas Suit added:

---

[8] *Id*.
[9] Case 19-592, D.I. 204.
[10] Case 19-592, D.I. 250.
[11] Case 19-592, D.I. 264.
[12] *Id*.

- Thirteen individual defendants, including five persons this Court had exercised jurisdiction over and dismissed (Raetzman, Rogers, McCrea, Lopez, and Lask), and seven other persons who are or were employed by Galderma Laboratories (Lango, Brenner, Cassady, Lee, Pham, Winkelman, and Leclercq);

- Four foreign entity defendants—Nestlé S.A., EQT AB, PSP Investments, and Luxinva S.A;[13] and

- Certain new claims against the existing Delaware Defendants, including an antitrust claim for attempted monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2, and the California Cartwright Act.

On August 28, 2020, certain defendants in the Texas Suit filed a Rule 12(b)(6) Motion to Dismiss or, in the Alternative, to Transfer, Pursuant to the First-to-File Rule and the Claim-Splitting Doctrine. On November 18, 2020, Judge Amos L. Mazzant transferred the Texas Suit to this District.[14]

## ISSUES THAT REQUIRE JUDICIAL ACTION

Pursuant to D. Del. L.R. 81.2, the parties identify the following matters that require judicial attention and request a status conference to discuss these issues with the Court: (1) whether and how the claims asserted in Texas should proceed in Delaware, and (2) whether Truinject must seek leave and demonstrate good cause to assert the transferred claims pursuant to the Court's previous orders;[15] and (3) the deadline for Defendants to answer or otherwise respond to the Corrected Second Amended Complaint and the Texas Suit.

---

[13] On November 30, 2020, Truinject dismissed EQT AB, PSP Investments, and Luxinva S.A. (D.I. 60).
[14] D.I. 59. After the transfer, Pierre Streit received a mailing purporting to serve him in Switzerland.
[15] Case 19-592, D.I. 193 and D.I. 264.

4

*Truinject's Position*:

Truinject believes that the two actions should be consolidated under Federal Rule of Civil Procedure 42 and that Truinject will file a consolidated action. If the Court proceeds with this plan, the parties can submit a schedule for the consolidated action to proceed. Defendants want the Court to dismiss the Texas Suit and require Truinject to seek leave to amend the complaint in the Delaware Suit. Truinject addresses these points.

**Consolidation of Actions.** The Texas Suit (this action) should be consolidated with the Delaware Suit under Federal Rule of Civil Procedure 42. When actions before the Court involve a common question of law or fact, the Court may "join for hearing or trial any or all matters at issue in the actions;" or "consolidate the actions."[16] Defendants do not dispute that the two actions involve common questions of law or fact. Nor could Defendants dispute this. Further, Defendants' counsel has previously suggested that the discovery in the Delaware Suit could be used in the Texas Suit.

The proper course of action is to consolidate the actions. Once the Court does so, the Court will need to consider how to handle the multiple complaints. Truinject proposes that it file a consolidated complaint. The Defendants may then file a motion to dismiss.

If the Court does consolidate the two actions, the parties can submit a schedule for the consolidated actions.

**Requiring Truinject to Seek Leave to Amend.** Defendants argue that instead of consolidating the actions, the Court should dismiss the Texas Suit outright without requiring the Defendants to file a motion. Defendants have not pointed to a single procedural rule that would

---

[16] Fed. R. Civ. P. 42(a); *CIRBA INC., v. VMWARE, INC.*, No. CV 19-742-LPS, 2020 WL 7489765, at *6 (D. Del. Dec. 21, 2020).

allow the Court to do so. Instead, the Defendants point to case law that purportedly supports its position. Not true. In the *Boston Scientific* case, the court denied the motion to consolidate because the court had denied Boston Scientific's motion for leave to amend.[17] Here, as explained in its April 20, 2020 letter to the Court, Truinject was put in an impossible position of filing a motion for leave to amend but that might have barred certain of Truinject's claims due to the statute of limitations period elapsing before any motion for leave could be decided. And because the Court had previously dismissed Nestlé Skin Health, S.A. for lack of personal jurisdiction, Truinject needed to file claims against Nestlé Skin Health, S.A. in a venue that had jurisdiction over Nestlé Skin Health, S.A.[18]

Next, Defendants argue, without any evidence, that Truinject could have brought the new claims by the November 15, 2019 deadline to join parties or amend the pleadings. Not true. Defendants' counsel represented to Truinject and the Court that Nestlé Skin Health, Inc. was the only entity that developed Defendants' infringing device, Holly. But Truinject discovered on May 21, 2020 that Nestlé Skin Health, Inc. was not formed until May 2016, which was after the Defendants began development of Holly, and six months past the November 15, 2019 deadline to amend the complaint.

---

[17] *Bos. Sci. Scimed, Inc. v. Edwards Lifescis. Corp.*, No. CV 16-275-JFB-SRF, 2018 WL 6040261, at *2 (D. Del. Nov. 9, 2018).
[18] Truinject does not concede that this Court does not have personal jurisdiction over Nestlé Skin Health, S.A. In the Delaware Suit, Defendants argued that Peter Nicholson did not work for Nestlé Skin Health, S.A. in February 2016 when he instructed Quintin Cassady to sign a CDA with Truinject so Nicholson and others could meet with Truinject. But Defendants' argument is undercut by a March 2015 press release where the CEO of Nestlé Skin Health, S.A. announced that Peter Nicholson was being promoted to the Vice President of Business Development for Nestlé Skin Health, S.A. The Court in the Delaware Suit never considered this fact that clears up Defendants' misrepresentation.

Further, Truinject's filing in Texas was not an attempted end run around a denial by this Court. The Defendants cited *Boston Scientific* to argue that Truinject used "the tactic of filing two substantially identical complaints to expand the procedural rights [it] would have otherwise enjoyed." *Bos. Sci. Scimed, Inc. v. Edwards Lifescis. Corp.*, No. CV 16-275-JFB-SRF, 2018 WL 6040261, at *2 (D. Del. Nov. 9, 2018). But the *Boston Scientific* holding involved a party filing "a new action as an end run around a decision denying leave to amend the complaint." *Id*. Truinject did not file in Texas as an end run around any denial by this Court to amend the complaint; it was quite the opposite. Truinject met and conferred with Defendants on April 2, 2020 to ask Defendants to stipulate to the amendment of the complaint to add an antitrust claim and additional defendants. Defendants refused Truinject's proposal. To preserve these claims, Truinject filed in Texas – a venue that had jurisdiction over all defendants. That filing was not an end run around any denial by this Court, and it was within Truinject's expectations that this matter would be returned to this Court to now address while simultaneously preserving Truinject's rights.

Lastly, if the Court does require Truinject to amend the complaint in the Delaware Suit, good cause exists to allow Truinject to amend, and therefore leave should be granted. Courts "should freely grant leave [to amend] when justice so requires." Fed. R. Civ. P. 15. "The Third Circuit has adopted a liberal approach to pleading amendments." *Greatbatch Ltd. v. AVX Corp.*, No. CV 13-723-LPS, 2014 WL 491683, at *1 (D. Del. Feb. 4, 2014) (citing *Dole v. Arco*, 921 F.2d 484, 486-87 (3rd Cir. 1990)). Leave should be granted unless "it would be futile or unfairly prejudicial to the non-moving party." *Id*. Defendants have been on notice of potential antitrust issues because Truinject alleged that Defendants committed incipient violations of the antitrust law. Discovery is ongoing, depositions have not been taken, and no expert discovery has occurred. Further, amendment will allow Truinject to correct the complaint in the Delaware Suit to add all

7

of the parties that infringe Truinject's patents. Defendants had previously represented to the Court and counsel in the Delaware Suit that only Nestlé Skin Health, Inc. developed the accused infringing device. But as noted earlier, Truinject unveiled information through discovery propounded after the November 15, 2019 amendment deadline that shows that this representation is not accurate. Lastly, Truinject's amendments would include trade secret misappropriation to replace fraud claims that were dismissed in January 2020 from the Delaware Suit. Truinject was diligent. When Truinject learned of facts that gave rise to additional claims or parties, it acted promptly on the information. For example, when Truinject learned information[19] that would give rise to a violation of Section 2 of the Sherman Act, it retained an antitrust expert to investigate the information in January 2020. When Truinject finally determined that there was an antitrust violation, it met with Defendants to see if they would agree to let Truinject add the antitrust claim on April 2, 2020. When Defendants did not agree to Truinject's request, Truinject filed the Texas Suit to preserve its claims.

**Deadline to Respond.** Defendants have not answered any complaint. The Court should require an answer within twenty-one days after deciding the issues presented in this statement.

*Defendants' Position*:

The Texas Suit was an improper attempt to circumvent Truinject's prior agreement(s) relating to scheduling and this Court's prior orders, and to unnecessarily and unreasonably multiply this litigation. Truinject filed its original 450-paragraph, 106-page complaint well over two years ago. Once transferred to this Court, the parties submitted an *agreed* proposed scheduling order containing a deadline of November 15, 2019 for Truinject to seek leave to join other parties

---

[19] Truinject did not receive production, including core technical documents, until 25 November 2019 and after. Truinject also learned after November 19, 2019 about Defendants' anticompetitive acts.

or amend pleadings. The Court entered the agreed schedule on December 6, 2019. Thus, under the agreed schedule, Truinject had to request permission to amend its complaint almost fourteen months ago; Truinject never did.

In addition to the agreed scheduling order, the Court's March 17, 2020 Order granted Truinject leave to amend its complaint to address certain claims dismissed by the Court, but required Truinject to seek leave and show good cause to add new parties or new causes of action.[20] Instead of complying with the Court's scheduling order and March 17, 2020 order, Truinject filed the Texas Suit (i) reasserting old claims previously dismissed by this Court; (ii) asserting claims against seventeen new defendants, including six parties previously dismissed by this Court; (iii) asserting new claims against the remaining defendants in the Delaware Suit; and (iv) adding new defendants and antitrust claims. As found by the Texas court, all of these claims are based upon the same transactions and occurrences at issue in the Delaware Suit.

Truinject argues that the Court should simply consolidate the Texas Suit and Delaware Suit despite the Court's earlier orders. For the reasons discussed below, the Court should (i) dismiss the Texas Suit[21] or, alternatively, require Truinject to file a motion for leave (and show good cause) to add the new claims and parties asserted in the Texas Suit and (ii) order that Defendants' deadline

---

[20] Case 19-592, D.I. 193.

[21] In its position statement, Truinject asserts that "Defendants have not pointed to a single procedural rule that would allow the Court to [dismiss the second-filed duplicative Texas Suit]." Truinject is incorrect. *See infra* n. 30; *McKenna v. City of Philadelphia*, No. 06-1705, 2007 WL 4190687, at \* (E.D. Pa. Nov. 21, 2007), *aff'd*, 304 F. App'x 89 (3d Cir. 2008) ("Here, consolidating Mr. McKenna's two suits *would effectively allow Mr. McKenna to amend his complaint without satisfying the requirements of Federal Rule of Civil Procedure 15. Accordingly, this second suit will be dismissed.*") (emphasis added); *Acosta v. Gaudin*, No. 2:17-cv-366, 2017 WL 4685548, at \*4 (W.D. Pa. Oct. 18, 2017) (dismissing second-filed suit seeking to add defendant); *James v. Camin Cargo Control, Inc.*, No. 09-6128 (JLL), 2010 WL 11693561, at \*2–3 (D.N.J. July 6, 2010) (dismissing second-filed suit seeking to expand class of individuals seeking relief).

9

to answer or otherwise respond to the Texas Suit or Corrected Second Amended Complaint shall be no earlier than 21 days after the Court issues an order on the issues raised in this report.

Truinject agreed, and this Court ordered, that Truinject was required to seek leave to amend its complaint on or before November 15, 2019.[22] Truinject does not dispute that the claims in the Texas Suit overlap and derive from the same facts and circumstances as those asserted in the Delaware Suit (as held by Judge Mazzant in transferring the Texas Suit).[23] The following is a chart showing the overlapping parties and claims:

| The Delaware Suit Defendants | The Texas Suit Defendants |
|---|---|
| • Galderma Laboratories, L.P.<br>• Galderma, S.A.<br>• Nestlé Skin Health, Inc. (n/k/a SHDS, Inc.)<br><br>[Parties Dismissed: Nestlé Skin Health, S.A.; John Rogers; Stuart Raetzman; Scott McCrea; Alisa Lask; and Tiphany Lopez] | • Galderma Laboratories, L.P.<br>• Galderma, S.A.<br>• Nestlé Skin Health, Inc. (n/k/a SHDS, Inc.)<br>• Nestlé S.A<br>• Nestlé Skin Health, S.A.<br>• John Rogers<br>• Stuart Raetzman<br>• Scott McCrea<br>• Alisa Lask<br>• Warren J. Winkelman<br>• Pierre Streit<br>• Quintin Cassady<br>• Per Langö<br>• Hanh Pham<br>• Erick Brenner<br>• Tiphany Lopez |

---

[22] *See* Case 19-592, D.I. 167.

[23] Nor does Truinject dispute that it has had knowledge of the <u>facts</u> underlying its purported antitrust claim since it filed its Original Complaint in 2018. Truinject's decision to consult with an "antitrust expert" after the deadline to amend pleadings is not good cause and, in fact, shows a lack of diligence.

| The Delaware Suit Claims | The Texas Suit Claims |
|---|---|
| • Breach of Feb. 7, 2017 CDA<br>• Breach of Exclusive Negotiation Agreement<br>• Breach of Feb. 18, 2016 CDA<br>• Breach of Oct. 23, 2014 CDA<br>• Trade Secret Misappropriation under Federal and Delaware law<br>• California Unfair Competition<br>• Patent Infringement<br>• Trade Dress Infringement<br>• Delaware Deceptive Trade Practices Act<br><br>[Dismissed Claims: Tortious Interference with Contractual and Prospective Contractual Relations; Fraud] | • Breach of Feb. 7, 2017 CDA<br>• Breach of Exclusive Negotiation Agreement<br>• Breach of Feb. 18, 2016 CDA<br>• Breach of Oct. 23, 2014 CDA<br>• Trade Secret Misappropriation under Federal, Texas and California law<br>• Attempted Monopolization under Section 2 of the Sherman Act<br>• California Cartwright Act Violation<br>• California Unfair Competition<br>• Patent Infringement<br>• Tortious Interference with Contractual and Prospective Contractual Relations<br>• Fraud |

There is no doubt Truinject *could have* brought the new claims by the agreed deadline adopted by the Court, but did not. The new claims are therefore improper and should be dismissed.[24]

Truinject cannot sidestep its agreement(s) and this Court's orders by initiating a duplicative lawsuit:

> The Third Circuit has strongly cautioned that a district court must 'carefully ensure[ ] that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed. In particular, *the court must ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints*."[25]

---

[24] In its position statement, Truinject tries to justify its new suit based on "new" evidence that Nestlé Skin Health, Inc. was formed in 2016, purportedly after the Holly project began. But even if true, this information would only impact one of its new claims (patent infringement against six corporate defendants). And the <u>development</u> of a product is not even an act of infringement, as Nestlé Skin Health, Inc. launched the accused Holly product in <u>2018</u>. This excuse provides no justification for suing the seventeen newly named defendants or the numerous other asserted claims.

[25] *Bos. Sci. Scimed, Inc. v. Edwards Lifesciences Corp.*, No. CV 16-275-JFB-SRF, 2018 WL 6040261, at *2 (D. Del. Nov. 9, 2018) (emphasis added) (*citing Prewitt v. Walgreens Co.*, 2013

11

Indeed, a party is "required to 'present in one suit all claims for relief that he may have arising out of the same transaction or occurrence.'"[26] If a party moves for leave to amend the pleadings after a deadline imposed by a scheduling order, Rule 16 must be satisfied.[27] Under Rule 16(b), a schedule may be modified only for "good cause", which exists when the schedule "cannot reasonably be met despite the diligence of the party seeking the extension."[28] The good cause standard under Rule 16(b) hinges on the movant's diligence.[29] Where a plaintiff circumnavigates a requirement that it show good cause to amend its complaint by filing a separate action adding new claims or defendants, a district court is in its right to dismiss the second suit. As one court explained:

> The [Plaintiff] made the choice not to file a motion to amend the complaint . . . to add Defendant to the first case…. Perhaps hypothesizing that the Court might be less than amenable to yet another amendment request that sought to add another defendant well after significant amounts of discovery occurred, the [Plaintiff] filed an entirely new action in order to dodge those issues. But, the [Plaintiff] may not avoid a possible negative ruling by filing a wholly separate case. The law requires the [Plaintiff] to roll those dice at the table where he is already seated. To the extent that the [Plaintiff] may disagree with the Court's ruling on a motion—any motion—his remedy is an appeal, not more lawsuits.[30]

---

WL 6284166, at *5 (E.D. Pa. Dec. 2, 2013) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)); *see also McKenna v. City of Philadelphia*, 304 F. App'x 89, 91 (3d Cir. 2008).

[26] *Conceicao v. Nat'l Water Main Cleaning Co.*, 650 F. App'x 134, 3 (3d Cir. 2016).

[27] *Cornell Univ. v. Illumina, Inc.*, No. CV 10-433-LPS-MPT, 2017 WL 89165, at *3 (D. Del. Jan. 10, 2017).

[28] *Id*. (quoting Fed. R. Civ. P. 16(b)(4) Advisory Committee's Notes (1983 amendments)).

[29] *Id*.

[30] *Acosta v. Gaudin*, No. 2:17-cv-366, 2017 WL 4685548, at *4 (W.D. Pa. Oct. 18, 2017) (citing *Schneider v. United States*, 301 F. App'x 187, 190 (3d Cir. 2008) (per curiam)).

To prevent plaintiffs from performing an end run around the 'good cause' requirement, courts may refuse to consolidate new claims or defendants added in a second-filed suit and may dismiss the second-filed suit as duplicative.[31]

Even if Truinject had timely sought leave to bring the new claims, Truinject cannot demonstrate good cause because it did not exercise diligence to meet the November 15, 2019 deadline (or to timely seek its amendment after allegedly "discovering" new facts in May 2020). Truinject does not dispute the new claims all stem from the same facts, events, and transactions alleged in Truinject's original complaint. Truinject has not explained why it could not have sought leave to assert those claims before the parties' and Court's amendment deadline (or at least long before now). Given Truinject's failure to timely seek leave or show good cause, the Court should deny Truinject's consolidation request.[32]

Sidestepping the parties' agreement and the Court's orders altogether, Truinject argues that it filed its Texas suit in good faith as a matter of necessity, to preserve its antitrust claims and add

---

[31] *Bos. Sci. Scimed, Inc. v. Edwards Lifesciences Corp.*, No. CV 16-275-JFB-SRF, 2018 WL 6040261, at *2 (D. Del. Nov. 9, 2018); *McKenna v. City of Philadelphia*, No. 06-1705, 2007 WL 4190687, at * (E.D. Pa. Nov. 21, 2007), *aff'd*, 304 F. App'x 89 (3d Cir. 2008) ("Here, consolidating Mr. McKenna's two suits would effectively allow Mr. McKenna to amend his complaint without satisfying the requirements of Federal Rule of Civil Procedure 15. *Accordingly, this second suit will be dismissed.*") (emphasis added); *Acosta v. Gaudin*, No. 2:17-cv-366, 2017 WL 4685548, at *4 (W.D. Pa. Oct. 18, 2017) (dismissing second-filed suit seeking to add defendant); *James v. Camin Cargo Control, Inc.*, No. 09-6128 (JLL), 2010 WL 11693561, at *2–3 (D.N.J. July 6, 2010) (dismissing second-filed suit seeking to expand class of individuals seeking relief).

[32] An amendment of pleadings may also be denied for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party, and futility. *Cornell Univ.*, 2017 WL 89165 at *11. An amendment is deemed futile if it could not withstand a motion to dismiss. *Id.* (denying motion for leave to amend where new claims could not withstand a motion to dismiss). In addition to lack of diligence, Truinject has undyly delayed these proceedings, shown dilatory motives, and failed to cure deficiencies by amendments previously allowed. And Defendants would clearly suffer undue prejudice if Truinject is allowed to add *fourteen* defendants and multiple new claims (which could not withstand a motion to dismiss).

new defendants over which this Court lacks jurisdiction. Truinject's position lacks merit. First, nothing prevented Truinject from seeking leave to add its antitrust claims in the Delaware Suit. Truinject has long had knowledge of the facts giving rise to its purported antitrust claims, and it has had more than ample time to do so. To the extent that Truinject was genuinely concerned about the limitations period on its purported antitrust claims, it could have asked the Court for expedited consideration of its motion for leave to amend.

Second, while this Court previously dismissed claims against *one* defendant (Galderma Holdings, S.A.) based on lack of personal jurisdiction, the other newly added individual defendants are or were *employees* of current Delaware Defendants who were acting in the course and scope of their employment. Those defendants have not contested this Court's jurisdiction, nor do they intend to do so.[33] Regardless, their conduct —and any alleged liability of the Delaware Defendants flowing from it—is already being litigated in the Delaware Suit. Finally, to the extent the Court believes Truinject should be allowed to bring new claims against parties not subject to this Court's jurisdiction, the court may transfer such claims back to Texas and/or stay them until the resolution of Delaware Suit.

---

[33] To be clear, Nestlé Skin Health S.A. n/k/a Galderma Holdings, S.A. maintains its objection to personal jurisdiction. In addition, individual defendant Pierre Streit (a resident of Switzerland) reserves the right to contest jurisdiction. Finally, Nestlé, S.A. has separate counsel who has not entered an appearance.

Dated: January 8, 2021

| | |
|---|---|
| **SMITH KATZENSTEIN & JENKINS, LLP** | **MORRIS, NICHOLS, ARSHT & TUNNELL, LLP** |
| /s/ *Eve H. Ormerod* | /s/ *Jeremy A. Tigan* |
| David A. Jenkins (No. 932) | Jack B. Blumenfeld (No. 1014) |
| Neal C. Belgam (No. 2721) | Jeremy A. Tigan (No. 5239) |
| Kelly A. Green (No. 4026) | 1201 North Market Street |
| Eve H. Ormerod (No. 5369) | P.O. Box 1347 |
| 1000 West Street, Suite 1501 | Wilmington, DE 19899 |
| Wilmington, DE 19801 | (302) 658-9200 |
| (302) 652-8400 | jblumenfeld@mnat.com |
| djenkins@skjlaw.com | jtigan@mnat.com |
| nbelgam@skjlaw.com | |
| kgreen@skjlaw.com | *Attorneys for Defendants* |
| eormerod@skjlaw.com | |
| | OF COUNSEL: |
| *Attorneys for Plaintiff Truinject Corp.* | |
| | Michael C. Wilson |
| OF COUNSEL: | Jenny Martinez |
| | Zachary Tobolowsky |
| Leo R. Beus | Charles T. Zerner |
| Patrick J. McGroder, III | **MUNCK WILSON MANDALA, LLP** |
| L. Richard Williams | 600 Banner Place Tower |
| K. Reed Willis | 12770 Coit Road |
| **BEUS GILBERT PLLC** | Dallas, TX 75251 |
| 701 North 44th Street | (972) 628-3600 |
| Phoenix, AZ 85008-6504 | |