# SMITH KATZENSTEIN JENKINS LLP

April 9, 2021

**VIA CM/ECF**
The Honorable Jennifer L. Hall
J. Caleb Boggs Federal Building
844 North King Street, Unit 17, Room 3124
Wilmington, DE  19801-3555

    Re:    *Truinject Corp. v. Nestlé Skin Health, S.A., et al.*,
              C.A. Nos. 19-592-LPS-JLH & 20-1675-LPS-JLH

Dear Judge Hall:

      Pursuant to Fed. R. Civ. P. 15(a) and 16(b) and the Court's Oral Order (C.A. No. 20-1675, D.I. 72), Plaintiff Truinject Corporation ("Truinject") moves the Court for leave to file its Third Amended Complaint ("TAC"), which is attached in a clean format as Exhibit 1 and in a blackline version showing the changes made from the Second Amended Complaint as Exhibit 2.  The TAC adds additional claims and defendants referred to in the Joint Statement Pursuant to Local Rule 81.2 filed on January 8, 2021 (C.A. No. 20-1675, D.I. 70).

**I.    Despite Truinject's diligence, the November 15, 2019 Scheduling Order deadline could not be met; Truinject has good cause to amend its complaint and thus leave to amend should be given.**

      "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the Court or the written consent of the opposing party." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing Fed. R. Civ. P. 15(a)). The District Court has discretion in granting a motion to amend, and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Federal Rule of Civil Procedure 16(b), a scheduling order may only be modified for good cause and by the consent of the Judge. The good cause element requires the movant to demonstrate that, "despite diligence, the proposed claims could not have been reasonably sought in a timely manner." *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 618 (D. Del. 2008); *see also* Fed. R. Civ. P. 16(b)(4). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990).

      Beset by the Defendants' misrepresentations and lack of production before the November 15, 2019 deadline to amend, Truinject could not have known before then the facts that now serve as the basis for its proposed TAC. The following history details Truinject's diligent efforts to uncover facts and preserve its case:

- On October 12, 2018, Truinject sued Galderma Labs, Galderma, S.A., Nestlé Skin Health ("NSH"), S.A., and individual defendants in the Central District of California.
- On March 29, 2019, the case was transferred to this Court.

- On April 3, 2019, Defendant's counsel, Michael Wilson ("Wilson"), called Truinject's counsel, Reed Willis, and told him that only NSH, Inc. created Holly and asked Truinject to remove the other entities as defendants from the patent infringement claims.
- On May 29, 2019, as a result of this phone call, Truinject amended its complaint to remove the other parties from the patent infringement claims.
- During a November 1, 2019 hearing, Defendants' counsel told the Court that only NSH, Inc. developed Holly.
- On November 15, 2019, the deadline to amend the complaint expired.
- On November 25, 2019, Defendants produced their first set of discovery (30+ pages).
- On March 17, 2020 this Court dismissed NSH, S.A. for lack of personal jurisdiction and dismissed all claims against John Rogers, Stuart Raetzman ("Raetzman"), Scott McCrea, Tiphany Lopez, and Alisa Lask, for failure to state a claim (the "Report"). The Court also dismissed certain claims asserted against Galderma Labs, Galderma S.A., and NSH, Inc. for failure to state a claim.
- On March 17, 2020, the Court issued an order (the "March Order") instructing Truinject to seek leave to amend and obtain Defendants' consent and/or be granted leave by the Court if it wished to expand this case beyond addressing the specific deficiencies noted in the Report.
- On April 2, 2020, Truinject met and conferred with Defendants in an attempt to gain consent to amend—Defendants did not agree to stipulate.
- On April 20, 2020, Truinject informed this Court of its intent to file in Texas in order to avoid a statute of limitation issue.
- On May 17, 2020, Defendants' counsel, Zach Tobolowsky ("Tobolowsky") asked Truinject to stipulate to dismissing claims for breach of the 2016 and 2017 confidential disclosure agreements ("CDAs") against NSH, Inc.
- On May 20, 2020, Defendants made their first substantive production (roughly 7,000 documents).
- On May 21, 2020, Mr. Tobolowsky called Truinject's counsel, Reed Willis, and asked that Truinject stipulate to dismissing Truinject's claim relating to NSH, Inc.'s alleged breach of the 2014 CDA because NSH, Inc. was not formed until May 6, 2016.
- On June 5, 2020, Truinject filed suit in Texas.
- On November 18, 2020, the Texas suit was transferred to this Court.
- On January 8, 2021, the parties filed a Joint Statement seeking consolidation of the Delaware and Texas suits under Rule 42. Defendants objected to consolidation.
- On February 9, 2021, the Court denied Truinject's request for consolidation and ordered Truinject to seek leave to amend the complaint.

Following Judge Stark's Orders, Truinject now seeks leave to amend its complaint.

In addition to the above facts, the deadline to amend expired while Defendants' motion to dismiss were pending before this Court. Truinject did not seek an extension prior to the November 15, 2019 expiration because it believed this Court would deny Defendants' motions to dismiss,

thus eliminating the need for an amendment on certain claims.[1] As explained below, good cause exists to modify that deadline.

Delaware courts have held that good cause exists when the scheduling order deadline cannot reasonably be met despite the diligence of the party seeking the extension. *WebXchange Inc. v. Dell Inc.*, No. 08-132-JJF, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010). In other words, a party must show diligence in the period preceding the expiration of the scheduling deadline. Here, Truinject diligently pursued its claims and was responsive to Defendants' representations regarding the parties to the case. Despite Truinject's diligence, it could not have met the November 15, 2019 deadline to amend.

In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). In evaluating whether a party's delay is undue, the Court must focus on the movant's reasons for not amending earlier. *Le v. City of Wilmington*, 2010 WL 2754253, at *3. Truinject acted in good faith and without dilatory motive and the proposed TAC will not cause undue delay nor unfairly prejudice Defendants, thus leave to amend should be given.

II. **The Defendants' misrepresentations could not have been uncovered before the November 15, 2019 Scheduling Order deadline.**

   1. **<u>From February 2019 – May 2020, Defendants told Truinject that NSH, Inc. was the only developer of Holly; Truinject relied on these representations and amended its complaint accordingly.</u>**

As detailed in Exhibit 3, in April 2019 Defendants' counsel called Truinject's counsel, Reed Willis, and told him that NSH, Inc. was the only entity that developed Holly. On May 29, 2019, Truinject relied on Defendants' representations and amended its complaint by removing the other entities from the patent infringement claims and adding NSH, Inc. On November 1, 2019, Defendants doubled down on the representation, with Mr. Wilson telling the Court that only NSH, Inc. developed Holly. (1 Nov. 2019 Tr. 55:6-10). But by late-May 2020, Defendants' counsel, Mr. Tobolowsky, revealed to Truinject that NSH, Inc. did not exist prior to May 2016 and asked Truinject's counsel to remove NSH, Inc. from the 2014 and 2016 breach of contract claims. (Email from Zach B. Tobolowsky to Reed Willis, May 22, 2020, 13:12 MST).

On May 20, 2020, Defendants produced to Truinject an estimated 7,000 documents showing Defendants exploring their own facial injection training technology ("FITT") as early as November 2014 and working on Holly as early as November 2015—both events taking place well before NSH, Inc. existed. This evidence debunks defense counsels' representations to Truinject

---

[1] The proposed stipulated Scheduling Order was filed on October 31, 2019 and expired November 15, 2019, thereby giving the parties 15 days to file an amendment. When Truinject agreed to the Scheduling Order deadline, it believed this Court would deny Defendants' motions to dismiss, thus eliminating a need to amend. Truinject did not seek an extension of the deadline as it did not learn of this Court's ruling on Defendants' motions to dismiss until March 17, 2020—four months after the deadline expired.

and this Court that only NSH, Inc. developed Holly. Truinject could not have known and did not know these facts prior to the November 15, 2019 deadline, and thus the deadline to amend could not have reasonably been met. Good cause exists for Truinject to amend to allow Truinject to assert claims against all parties who developed Holly.

    **2.** **Defendants' misrepresentation on Peter Nicholson's employment with NSH, S.A. could not have been uncovered until after the May 20, 2020 production when Truinject learned that Galderma Labs, LP had implied authority to bind NSH, S.A.**

On March 17, 2020, this Court held that it did not have personal jurisdiction over NSH, S.A., and found that in February 2016, Galderma Labs, LP lacked apparent authority to bind NSH, S.A. to any contract. The Court relied on the representations that Raetzman, Chief Executive Officer of NSH, S.A., and Galderma S.A., and Mr. Wilson, made to the Court. On March 11, 2019 and November 1, 2019, Raetzman and Mr. Wilson, respectively, represented to this Court that Nicholson did not work for NSH, S.A. until January 1, 2017. Those representations are incorrect. Nicholson – as admitted by NSH, S.A.'s CEO – became an officer of NSH, S.A. on March 11, 2015. (*See* Exhibit 4.)

Truinject first learned about this misrepresentation through documents that Defendants produced on May 20, 2020. These documents demonstrate that Nicholson's employees understood he was an officer of NSH, S.A. and Galderma's General Counsel, Quintin Cassady, understood that Nicholson gave Galderma Labs, LP authority to bind NSH, S.A. when Nicholson directed the signing of the February 2016 CDA. Cassady signed the 2016 CDA demonstrating his belief that he had authority to sign the CDA under the control and direction of NSH, S.A. Cassady returned the signed CDA to Nicholson of NSH, S.A., who then forwarded the signed CDA to Truinject, indicating it was "duly executed." Galderma's officers' actions demonstrate they believed it was necessary to have the authority from NSH, S.A. prior to moving forward with the 2016 CDA. Thus, Galderma Labs, LP had implied authority to bind NSH, S.A.[2] Truinject could not have known this before the November 15, 2019 deadline.

**III.**    **Truinject could not have discovered additional claims and defendants before the November 15, 2019 deadline as Defendants did not produce key documents until November 25, 2019 and May 20, 2020.**

    **1.**    **Truinject did not receive discovery until after the November 15, 2019 deadline.**

---

[2] Implied authority derives from "the conduct of the principal being such as to justify a Jury in finding that the Agent had actual authority to do what he did." *Liberty Mut. Ins. Co. v. Enjay Chem. Co.* (now Exxon Corp.), 316 A.2d 219, 222 (Del. Super. Ct. 1974). *See also Wilson v. Active Crane Rentals, Inc.*, No. CIV.A.01C-02-027WLW, 2004 WL 1732275, at *2 (Del. Super. Ct. July 8, 2004) *and Otto Candies, LLC v. KPMG, LLP*, No. CV 2018-0435-MTZ, 2020 WL 4917596, at *14 (Del. Ch. Aug. 21, 2020) (Implied authority is "authority that the agent reasonably believes he has as a result of the principal's actions.")(citation omitted).

Defendants maintained and the Court agreed that Truinject was required to identify its trade secrets prior to Defendants' disclosure. On October 25, 2019, Truinject served a response that Defendants accepted as a complete identification of Truinject's trade secrets. (Pl.'s Amended Second Supp. Resp. to Defs' First Set of Interrogatories). On November 1, 2019, this Court heard oral arguments on Defendants' motion to dismiss and on November 19, 2019, held a Rule 16 Scheduling Conference. Truinject's counsel, Reed Willis, was on paternity leave during late November and late December 2019, through early January 2020. Truinject requested documents from Defendants on February 7, 2020. (Pl.'s First Set of Interrogatories Directed to All Defs.)

Before then, Defendants had provided only about 30 documents on November 25, 2019. Finally, Defendants produced a significant number of documents on May 20, 2020—well after the November 15, 2019 deadline to amend. This delay kept Truinject from facts that constitute the basis of the proposed TAC. Efforts to achieve full production from Defendants and third parties remain ongoing. Despite Truinject's diligence in obtaining discovery, Defendants did not produce the necessary documents until well after the deadline to amend had expired.

    **2.** **Following Defendants' November 25, 2019 production, Truinject identified potential antitrust claims and sought expert advice from January to March 2020.**

From the meager November 25, 2019 production, Truinject gleaned that Defendants likely viewed FITT as its own market. This led Truinject to promptly conduct additional research and to vet and retain antitrust experts from January to March 2020. In doing so, Truinject identified that the FITT market existed and that Defendants engaged in a course of predatory acts designed to keep Truinject out of the FITT market. Based on these facts, Truinject added antitrust claims and additional defendants. Truinject could not have known this before the November 15, 2019 deadline. Truinject has been diligent in identifying additional claims and defendants and has not unduly delayed the proceedings, but rather pursued the claims in a venue with jurisdiction over all Defendants. (C.A. No. 20-457, D.I. 15).

**IV.** **Amendment will not unduly delay the proceedings, Truinject has acted in good faith, and Defendants will not be prejudiced by amendment under Rule 15(a).**

    **1.** **Amendment will not cause undue delay on the Court as the case remains in an early procedural stage, no depositions have been taken and discovery is ongoing; Truinject has not been dilatory**

Amendment should be freely granted in the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the, unless it is futile or unfairly prejudicial to the non-moving party." *Foman,* 371 U.S. at 182. In evaluating whether a party's delay is undue, the Court must focus on the movant's reasons for not amending earlier. *Le v. City of Wilmington*, 2010 WL 2754253, at *3. As detailed above, Truinject has not been dilatory. Truinject could not have sought leave to amend its complaint earlier because it was not in possession of key facts until after the motion to amend deadline had passed. Moreover, as the case remains in an early procedural stage,

granting leave to amend will not cause undue delay.[3] The parties have not begun taking depositions, and discovery remains ongoing.

    **2.** **Amendment is not sought in bad faith; Truinject filed its cause of action in the Eastern District of Texas on June 5, 2020 to preserve its claims after identifying statute of limitations concerns in March 2020 and after Defendants did not agree to amend or consolidate.**

In consulting with its antitrust expert in late March 2020, Truinject identified that the statute of limitations possibly began running in June 2016—far earlier than Truinject had believed. Truinject was aware of this Court's heavy docket[4] and that judicial proceedings had slowed as a result of the COVID-19 pandemic. Concerned over this projected timeline, Truinject met and conferred with Defendants on April 2, 2020 regarding amending its complaint. Truinject expressed its concerns to Defendants regarding the potential statute of limitations issue but Defendants did not consent to the amendment. In an attempt to persuade Defendants to agree, Truinject pointed out that it would be forced to file an additional suit wherever jurisdiction exists in order to pursue the foregoing—but Defendants declined all of Truinject's proposals.

On April 20, 2020, Truinject wrote this Court to inform it of its plans and urgent need to file in Texas. (C.A. No 19-592, D.I. 202). Truinject explained that under the Court's present ruling, Truinject could not obtain jurisdiction over NSH, S.A., Nestlé, S.A., or their employees in Delaware. Thus, the only states Truinject could file an action under Section 2 of the Sherman Act and the Cartwright Act were either California or Texas. Truinject further explained it could not seek leave to amend as that would not toll the statute of limitations.

When Defendants did not consent to the amendment, Truinject was required to preserve its claims by filing in a forum with clear jurisdiction rather than risk an unpredictable timeline in a venue where jurisdiction was uncertain. Truinject is not seeking this amendment in bad faith; it has kept Defendants and the Court apprised of its plans to add claims and defendants and has attempted to seek consent to amend and consolidate.

    **3.** **Truinject filed in Texas on June 5, 2020 and diligently pursued its case there; the case was transferred to this Court and Truinject now diligently pursues amendment while these cases remain in an early procedural stage.**

Truinject filed its claims in the Eastern District of Texas on June 5, 2020. (C.A. No. 20-457, D.I. 15). The Texas court transferred those claims to this Court on November 18, 2020. (C.A No. 20-457, D.I. 59). Truinject sought consolidation of the transferred action with the already pending action in the parties' January 8, 2021 Joint Statement Pursuant to Local Rule 81.2 (C.A. No. 20-1675, D.I. 70), but this Court denied consolidation on February 9, 2020 (C.A. No. 20-1675,

---

[3] *See Pennsylvania Transportation Auth. v. Orrstown Fin. Servs., Inc.*, 335 F.R.D. 54, 75 (M.D. Pa. 2020), motion to certify appeal granted, No. 1:12-CV-00993, 2020 WL 4041049 (M.D. Pa. July 17, 2020)(undue delay relates to the procedural stage of the case and the impact of amending at that stage).

[4] Truinject is aware that the Courts' docket is one of the busiest in the country and merely points to this projected timeline as a factor in Truinject's necessity to preserve its claims in a venue with jurisdiction over all defendants, rather than risk losing its claims over a statute of limitations issue.

D.I. 72) and ordered Truinject to seek leave to amend if it wished to add additional claims and/or defendants. Following this Court's instruction, Truinject is seeking leave to amend. These cases remain in its early procedural stages and amendment would not unduly delay the proceedings.

Truinject filed in Texas to avoid a statute of limitations issue. At no time has Truinject been dilatory. Truinject did not sit on its hands after the March Order, but rather sought to preserve its claims in a venue with jurisdiction as this Court did not have jurisdiction over all defendants.

### 4. **The Defendants will not be unfairly prejudiced by the proposed amendment as they have been on notice of the amended claims since at least April 2, 2020.**

To establish unfair prejudice sufficient to justify denial of a motion to amend, Defendants must show that they were "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which [they] would have offered had the . . . amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). Here, no Defendant will suffer any prejudice by the amended complaint. Defendants were notified of these claims at the latest during the April 2, 2020 meet and confer and were on notice of the trade secret claims since the filing of the original complaint on October 12, 2018. On November 1, 2019, Truinject explicitly informed this Court and Defense counsel that it would file trade secret claims if the Court found that the fraud claims were preempted under DUTSA.[5]

Defendants will not be unfairly disadvantaged or deprived of the opportunity to present facts or evidence in support of their defenses. Discovery remains ongoing and no depositions have been taken. It was not until May 20, 2020 that Defendants began producing significant discovery, and Truinject remains in constant dialogue with Defendants and third parties over deficiencies in their production.

For all of the foregoing reasons, Truinject requests that its motion for leave to amend its complaint be granted. Truinject could not have discovered the facts that are alleged in the TAC before the November 15, 2019 deadline. The proposed amendment is not the result of undue delay by Truinject, and it would not prejudice the proceedings or the Defendants.

Respectfully,

/s/ David A. Jenkins

David A. Jenkins (No. 932)

Enclosures

cc: All Counsel of Record

---

[5] "Assuming that the Court is going to dismiss any or all of our fraud claims as a result of preemption by DUTSA . . . we seek to replead to add DUTSA claims against the individual defendants." [1 Nov. 2019 Tr. 170:22-171:2] The Court responded, "[I]t is on the record that that is what you intend to do." [*Id.* at 171:7-8].