# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUINJECT CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 20-1675-LPS-JLH ) |
| NESTLÉ S.A, NESTLÉ SKIN HEALTH, S.A., GALDERMA, S.A., GALDERMA LABORATORIES, L.P., NESTLÉ SKIN HEALTH, INC., EQT, PSP INVESTMENTS, LUXIVNA, S.A., JOHN ROGERS, STUART RAETZMAN, SCOTT MCCREA, ALISA LASK, WARREN J. WINKELMAN, PIERRE STREIT, QUENTIN CASSADY, PER LANGÖ, HANH PHAM, ERICK BRENNER, AND TIPHANY LOPEZ, | ) ) ) ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**JOINT STATUS REPORT PURSUANT TO MEMORANDUM ORDER [D.I. 86]**

On December 18, 2020, this action was transferred from the Eastern District of Texas to this Court. Pursuant to the Court's Memorandum Order [D.I. 86], Plaintiff, Truinject Corporation ("Truinject"), and Defendants Galderma Laboratories, L.P., Galderma S.A., SHDS, Inc. f/k/a Nestlé Skin Health, Inc., Galderma Holding S.A. f/k/a Nestlé Skin Health S.A., John Rogers, Stuart Raetzman, Scott McCrea, Alisa Lask, Warren Winkelman, Quintin Cassady, Per Langö, Hanh Pham, Erick Brenner, Tiphany Lopez, David Lee, Didier Leclercq, and Pierre Streit[1] (collectively, "Defendants"), submit this joint status report:

---

[1] This status report is made subject to and without waiving any objection by Galderma Holding S.A. f/k/a Nestlé Skin Health S.A. and Pierre Streit that the Court lacks personal jurisdiction over them.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

A.   **The Delaware Suit**

On October 10, 2018, Truinject filed suit in the United States District Court for the Central District of California (the "California District Court") against Nestlé Skin Health, S.A. ("NSH S.A."), Galderma, S.A., Galderma Laboratories, L.P. ("Galderma Labs"), John Rogers, Stuart Raetzman, Scott McCrea, Alisa Lask, and Tiphany Lopez. The complaint asserted claims for patent infringement, trade secret misappropriation, trade dress infringement, unfair competition, breach of contract, breach of good faith and fair dealing, deceit, aiding and abetting fraud, and tortious interference with business expectancy/prospective economic advantage.[3]

On March 29, 2018, the California District Court transferred the case to the District of Delaware based on mandatory forum selection clauses.[4] On May 29, 2019, Truinject filed a First Amended Complaint, where it added Nestlé Skin Health, Inc. (n/k/a SHDS, Inc.) ("NSH, Inc.") as a defendant.[5] On March 17, 2020, the Court dismissed NSH S.A. for lack of personal jurisdiction and dismissed all claims against Rogers, Raetzman, McCrea, Lopez, and Lask for failure to state a claim.[6] The Court also dismissed numerous claims asserted against Galderma Labs, Galderma S.A., and NSH, Inc. for failure to state a claim.[7] In its March 17, 2020 Order, the Court held:

> Truinject may file an amended complaint addressing the specific deficiencies identified by [Judge Hall's Report and Recommendation]. Any such amended complaint . . . shall not contain any new causes of action. If Truinject wishes to

---

[2] The background and procedural history of this litigation are summarized in the Reports and Recommendations issued by the Court in related case, C.A. No. 19-592-LPS-JLH, D.I. 169 and D.I. 178.

[3] C.A. No. 19-592, D.I. 1.

[4] C.A. No. 19-592, D.I. 101.

[5] C.A. No. 19-592, D.I. 112.

[6] C.A. No. 19-592, D.I. 193.

[7] *Id.*

expand this case beyond addressing the specific deficiencies noted in [Judge Hall's Report], it must seek leave to amend and obtain Defendants' consent and/or be granted leave by the Court.[8]

On April 30, 2020, Truinject filed a Corrected Second Amended Complaint against Galderma S.A., Galderma Labs, and NSH, Inc. (n/k/a SHDS, Inc.) (collectively, the "Delaware Defendants") for breach of contract, tortious interference, patent infringement, trade secret misappropriation, trade dress infringement, DTPA violations, and unfair competition (the "SAC").[9]

On August 28, 2020, Judge Hall entered a Report and Recommendation granting the Delaware Defendants' motion to dismiss the tortious interference claims and rejecting the unfair competition claim to the extent that it relies on allegations of trade secret misappropriation, passing off, or the Physician Payment Sunshine Act.[10] On November 20, 2020, the Court issued a Memorandum Order adopting Judge Hall's June 18, 2020 and August 28, 2020 Reports and Recommendations.[11] In its Order, the Court authorized Truinject to file a third amended complaint solely for the purpose of amending its tortious interference claims no later than December 11, 2020.[12] Truinject did not file an amended complaint.

**B.    The Texas Suit**

On June 5, 2020, Truinject filed a complaint in the Eastern District of Texas (the "Texas Court") against the Delaware Defendants and numerous other individuals and entities currently or

---

[8] *Id*.

[9] Case 19-592, D.I. 204.

[10] Case 19-592, D.I. 250.

[11] Case 19-592, D.I. 264.

[12] *Id*.

3

formerly affiliated with or employed by the Delaware Defendants (the "Texas Suit"). More specifically, the Texas Suit added:

- Fourteen individual defendants (the "Individual Defendants")—five of whom this Court had exercised jurisdiction over and dismissed (Raetzman, Rogers, McCrea, Lopez, and Lask), and seven of whom are or were employed by Galderma Labs or its affiliates (Langö, Brenner, Cassady, Lee, Pham, Winkelman, Leclercq, and Streit).
- Four foreign entity defendants—Nestlé S.A., EQT AB, PSP Investments, Luxinva S.A.[13]
- An antitrust claim for attempted monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2 and the California Cartwright Act, against the Delaware Defendants, NSH S.A., Nestlé S.A., EQT AB, PSP Investments, and Luxinva S.A.

On August 28, 2020, certain defendants in the Texas Suit filed a Rule 12(b)(6) Motion to Dismiss or, in the Alternative, to Transfer, pursuant to the First-to-File Rule and the Claim-Splitting Doctrine (the "Texas Motion"). On November 18, 2020, Judge Amos L. Mazzant granted the Texas Motion and transferred the Texas Suit to this District, finding Truinject's claims were duplicative of and based on the same facts as the SAC.[14] Upon the transfer, the transferred Texas Suit was assigned a new District of Delaware case number, C.A. No. 20-1675. There has been no order lifting the stay of the Texas Suit.

On January 1, 2021, the parties submitted a Joint Statement Pursuant to D. Del. L.R. 81.2.[15] On February 9, 2021, the Court adopted Defendants' Joint Statement proposal and held that if Truinject wished to proceed on any of the claims asserted in the transferred Texas Suit, it was

---

[13] Nestlé, S.A. has not been served with process. On November 30, 2020, Truinject dismissed EQT AB, PSP Investments, and Luxinva S.A. C.A. No. 4:20-cv-457-ALM, D.I. 60.

[14] C.A. No. 4:20-cv-457-ALM, D.I. 59. After the transfer, Pierre Streit received a mailing purporting to serve him in Switzerland.

[15] C.A. No. 20-1675, D.I. 70.

4

required to file a motion for leave to amend the SAC in the first-filed Delaware Suit (C.A. No. 19-592) and satisfy the standards for prevailing on such a motion.[16]

On April 9, 2021, Truinject filed its Motion for Leave to File its Third Amended Complaint (the "Motion for Leave").[17] On September 14, 2021, Magistrate Judge Hall held a hearing on the Motion for Leave and issued an opinion from the bench recommending in part and denying in part Truinject's Motion for Leave.[18] Specifically, the Court recommended Truinject be granted leave to add the patent infringement and trade dress claims against Galderma Labs and Galderma S.A. (the "Granted Claims"). But, the Court recommended Truinject be denied leave to add any of the following claims from the transferred Texas Suit (the "Denied Claims"):[19]

| Defendant | Recommended Denied Claims | Court's Reason for Recommending Denial |
|---|---|---|
| NSH, Inc. | Breach of 2/7/17 CDA<br>Breach of 2/18/16 CDA<br>Attempted Monopolization<br>California Cartwright Act | Truinject failed to act diligently in seeking amendment. And, the Court found there is no good cause to amend. |
| Galderma S.A. | Attempted Monopolization<br>California Cartwright Act | Truinject did not act diligently; therefore, there is no good cause to amend. |
| Galderma Labs | Breach of 2014 ENA<br>Attempted Monopolization<br>California Cartwright Act | The Court did not find good cause to add the breach of ENA claim. Truinject did not act diligently to add the antitrust claims; therefore, there is no good cause to amend. |
| Individual Defendants | Trade Secret Misappropriation (DTSA)<br>Trade Secret Misappropriation (DUTSA)<br>Unfair Competition | Truinject did not establish good cause to add claims against the Individual Defendants. |
| NSH, S.A. | Breach of 2/7/17 CDA<br>Breach of 2/18/16 CDA<br>Patent Infringement ('836 Patent) | The Court previously dismissed NSH, S.A. from the DE Suit for lack of personal jurisdiction. |

---

[16] C.A. No. 20-1675, D.I. 72.

[17] C.A. No. 19-592, D.I. 293, 294.

[18] C.A. No. 19-592, D.I. 355.

[19] C.A. No. 20-1675, D.I. 86.

|  | Patent Infringement ('231 Patent) <br> Patent Infringement ('232 Patent) <br> Trade Secret Misappropriation (DTSA) <br> Trade Secret Misappropriation (DUTSA) <br> Trade Dress Infringement <br> Delaware DTPA <br> Unfair Competition <br> Attempted Monopolization <br> California Cartwright Act | Truinject did not act diligently to bring to the Court's attention allegedly newly discovered evidence supporting personal jurisdiction over NSH, S.A. Therefore, there is not good cause to add these claims. |
|---|---|---|

On 28 September 2021, Truinject filed Objections to the Court's Memorandum Opinion.

The Court further ordered the parties to: (1) meet and confer about which of the claims should be dismissed from the transferred Texas Suit (No. 20-1675) because they are being litigated in the Delaware Suit (No. 19-592); (2) meet and confer about what to do with the remaining claims; and (3) submit a status report within two weeks.[20]

On September 21, 2021, the parties met and conferred about how to handle the Texas Suit (i.e., whether to transfer the Texas Suit back to federal court in Texas where that Court has jurisdiction over the parties this Court does not have; which claims, if any, should be dismissed from the Texas Suit; how to proceed with the remaining claims in the Texas Suit, such as staying or transferring them). The parties' positions on how to proceed with the claims in the Texas Suit are summarized below and the parties request the opportunity to fully brief their positions on these issues.

***Truinject's Position*:**

---

[20] On September 24, 2021, the Court issued its Memorandum and Opinion which incorporates its Oral Order. *Id.*

I. **CLAIMS AGAINST NESTLÉ SKIN HEALTH, S.A. THAT ARE NOT PERMITTED TO BE AMENDED INTO THE THIRD AMENDED COMPLAINT SHOULD BE TRANSFERRED TO THE TEXAS COURT**

    A. **Jurisdiction must exist over all defendants for a case to be transferred**

"To transfer a case, the transferor court must find that the intended transferee court has personal jurisdiction and is an appropriate venue."[21]

"In cases involving multiple defendants ... all defendants must have been subject to process in the transferee court before the case can be transferred." *Id.*

    B. **Jurisdiction had to exist over Nestlé Skin Health, S.A. in Delaware at the commencement of this litigation to have permitted claims against Nestlé Skin Health, S.A. to be transferred to Delaware**

The Central District of California's Order transferring the originally-filed claims to this Court stated, "Similarly, insofar as any other Defendant is bound by the agreements containing the forum-selection clauses that underly Plaintiff's claims, such Defendant has effectively consented to resolution of the dispute in Delaware."[22]

"A prerequisite to transfer under Section 1404(a) is that the plaintiff have an unqualified right to bring the action in the transferee district. This unqualified right is satisfied only if at the time of commencement of suit venue is proper in the transferee forum and the transferee district has the power to exercise personal jurisdiction over all defendants."[23]

The Central District of California relied on jurisdiction existing in Delaware at the commencement of this litigation over Nestlé Skin Health, S.A. in the District of Delaware through Truinject's confidentiality agreements.

---

[21] *Virts v. Prudential Life Ins. Co. of Am.*, 950 F. Supp. 2d 101, 104 (D.D.C. 2013)(citation omitted).
[22] Case 19-592, D.I. 101.
[23] *Camasso v. Dorado Beach Hotel Corp.*, 689 F. Supp. 384, 386 (D. Del. 1988) (citations omitted).

      **C.**      **If this Court adopts the Memorandum Opinion, that would be a final ruling that jurisdiction does not exists for Nestlé Skin Health, S.A. in the District of Delaware**

This Court dismissed claims against Nestlé Skin Health, S.A. for lack of jurisdiction.[24] The Memorandum Opinion recommends that this Court not grant Truinject leave to amend to add Nestlé Skin Health, S.A. as a defendant in Truinject's Third Amended Complaint.[25] If the recommendation is adopted, the final ruling from the District of Delaware will be that jurisdiction does not exist in Delaware for Nestlé Skin Health, S.A.

      **D.**      **The Central District of California, therefore, will have transferred Nestlé Skin Health, S.A. to Delaware when jurisdiction did not exist for Nestlé Skin Health, S.A. in Delaware at the commencement of this litigation**

The Central District of California's Order relied on jurisdiction existing for Nestlé Skin Health, S.A. in Delaware as a party that was bound to the forum-selection clause in Truinject's confidentiality agreements. But, if the Memorandum Opinion is adopted by this Court, then the claims against Nestlé Skin Health, S.A. will have been erroneously transferred to the District of Delaware.

      **E.**      **The Texas Court has jurisdiction over Nestlé Skin Health, S.A., and the claims against Nestlé Skin Health, S.A. should be transferred back to the Texas Court**

Nestlé Skin Health, S.A. is the direct owner of Nestlé Skin Health, Inc. and has availed itself of Texas laws by having its wholly owned subsidiary, Nestlé Skin Health, Inc., register for business in Texas. Nestle Skin Health, S.A. has caused events relevant to this matter to occur in the Eastern District of Texas and in Texas. Jurisdiction exists for the Nestlé Skin Health, S.A. in the Texas Court, and the claims against Nestlé Skin Health, S.A. should be transferred back to that Court.

---

[24] Case 19-592, D.I. 193.

[25] D.I. 84.

## II. TRUINJECT'S MONOPOLIZATION AND CARTWRIGHT ACT CLAIMS THAT ARE NOT PERMITTED TO BE AMENDED INTO THE THIRD AMENDED COMPLAINT SHOULD BE TRANSFERRED BACK TO THE TEXAS COURT

### A. Truinject learned of the existence of the Facial Injection Training Technology (FITT) Market in late March 2020, allowing for the filing of monopolization claims that comported with Fed R. Civ. P. 11

In Defendants' initial document production in November 2019, Truinject viewed documents that hinted at the existence of a Facial Injection Training Technology (FITT) market. No such market existed prior to the invention of the technologies at the heart of this case. Truinject vetted multiple experts and ultimately obtained a preliminary report that, for the first time, validated the existence of a FITT market. Truinject now had sufficient evidence to allow for the filing of monopolization claims that, in accordance with Fed. R. Civ. P. 11, required allegations and evidentiary support of a market.

### B. Truinject met and conferred with Defendants on 2 April 2020, then informed the Court on 20 April 2020 of Truinject's intent to file in the Texas Court, and filed its monopolization claims in the Texas Court on 5 June 2020

On 2 April 2020, Truinject promptly met and conferred with Defendants, who denied Truinject's request to amend the complaint to add the monopolization claims. Aware that filing a motion to amend does not toll the statute of limitations,[26] Truinject was concerned that Defendants would have an argument that Truinject became aware of Defendants' predatory acts—*one* element of monopolization claims—in June 2016. Truinject, therefore needed to file its potential monopolization claims before 6 June 2020.

Because jurisdiction exists over the Defendants' corporate entities in the Texas Court, Truinject wrote a letter to this Court on 20 April 2020 indicating that Truinject was pressed due to the inability to timely toll the statute of limitations in Delaware. Truinject informed this Court that

---

[26] *Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 328 (4th Cir. 2012).

it had to file its monopolization claims in the Texas Court to preserve its claim and pursue those claims in that Court.

On 5 June 2020, Truinject promptly and timely filed Attempted Monopolization (15 U.S.C. §2) and California Cartwright Act (Cal. Bus. & Prof. Code § 16720, *et seq*.) claims against Nestlé, S.A.; Nestlé Skin Health, S.A.; Nestlé Skin Health, Inc.; Galderma Labs, LP, and Galderma, S.A. in the Texas Court.

### C. The Attempted Monopolization and Cartwright Act claims were validly filed in the Texas Court, are not "split" from any claims before this Court, and should be transferred back to the Texas Court

The 19-592 case is the one originally filed in the Central District of California that is now before this Court. The 20-1675 case is the one originally field in the Texas Court that is now before this Court.

In the 14 September 2021 hearing, this Court expressed hesitancy to label as "claim splitting" "all of [Truinject's] claims" from the 20-1675 Texas case.[27] The Attempted Monopolization and the Cartwright Act claims do not split any causes of action from the 19-592 Delaware case. The Attempted Monopolization and Cartwright Act claims were promptly and timely filed once the FITT market was – for the first time ever – defined in late March 2020. Jurisdiction exists for these claims in the Texas Court. The Attempted Monopolization and California Cartwright Act claims therefore should be transferred back to that Court.

The following list contains the claims and parties that should be transferred back to the Texas Court in the event that this Court adopts the Memorandum Opinion:

| CLAIMS | PARTIES |
|---|---|
| Breach of 2/7/17 CDA | Nestlé Skin Health, S.A. |
| Breach of 2/18/16 CDA | Nestlé Skin Health, S.A. |
| Patent Infringement ('836 Patent) | Nestlé Skin Health, S.A. |
| Patent Infringement ('231 Patent) | Nestlé Skin Health, S.A. |

---

[27] D.I. 84.

| | |
|---|---|
| Patent Infringement ('232 Patent) | Nestlé Skin Health, S.A. |
| Trade Secret Misappropriation under DTSA (18 U.S.C. § 1836) | Nestlé Skin Health, S.A. |
| Trade Secret Misappropriation under Delaware UTSA | Nestlé Skin Health, S.A. |
| Trade Dress Infringement | Nestlé Skin Health, S.A. |
| Delaware DTPA | Nestlé Skin Health, S.A. |
| Unfair Competition (Cal. Bus. & Prof. Code § 17200) | Nestlé Skin Health, S.A. |
| Attempted Monopolization (15 U.S.C. §2) | Nestlé Skin Health, S.A.<br>Nestlé Skin Health, Inc.<br>Galderma Labs<br>Galderma S.A. |
| California Cartwright Act (Cal. Bus. & Prof. Code § 16270, et seq.) | Nestlé Skin Health, S.A.<br>Nestlé Skin Health, Inc.<br>Galderma Labs<br>Galderma S.A. |

### III. ANY 20-1675 CLAIMS NOT TRANSFERRED BACK TO THE TEXAS COURT SHOULD BE STAYED

#### A. Motions to Stay Invoke the Broad Discretionary Powers of the Court

"Motions to stay invoke the broad discretionary powers of the court."[28] In considering a stay, Courts look to three general factors: "1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set."[29]

#### B. Judge Hall indicated an "inclination" to stay the 20-1675 case; Truinject agrees, in part, because doing so would simplify the issues for trial in 19-592 and not unduly prejudice Defendants

At the 14 September 2021 hearing, Judge Hall indicated an "inclination" to stay, not dismiss, the remaining 20-1675 claims "until final judgment is entered in 19-592."[30]

---

[28] *Apotex, Inc. v. Senju Pharm. Co.*, 921 F. Supp. 2d 308, 313 (D. Del. 2013)(citation omitted).
[29] *Id.* at 313 – 314
[30] D.I. 84.

11

Truinject agrees with this position but only for any claims in 20-1675 not transferred back to the Texas Court. Doing so simplifies the issues more than dismissal would accomplish. Upon resolution of the 19-952 case, greater clarity will then exist on how to best to handle or proceed with the stayed 20-1675 claims. And no undue prejudice will occur to Defendants as the 20-1675 causes of action for monopolization and Cartwright Act violations, etc., are valid claims that Truinject timely filed against Defendants. Truinject has a right to pursue these claims. Dismissal is inappropriate.

*Defendants' Position*:

**Granted Claims.** Plaintiff's patent infringement and trade dress claims against Galderma Labs and Galderma S.A. should be dismissed from the 20-1675 case because the Court has ordered that they will go forward in the 19-592 case.

**Denied Claims.** The Court's March 17, 2020 Order required Truinject to seek leave and show good cause to assert new causes of action, add new defendants, or expand the Delaware Suit beyond addressing the specific deficiencies noted in Judge Hall's report.[31] Instead of complying with the Court's order, Truinject filed the Texas Suit, which Judge Mazzant held was a "textbook example" of an overlapping suit that centered around the same operative facts as the Delaware Suit.[32] After the Texas Suit was transferred to Delaware, and consistent with the Court's March 17, 2020 order, the Court held that if Truinject wished to proceed with the Texas claims, it must seek leave to amend the SAC in the first-filed Delaware Suit and show good cause.[33] After Truinject sought leave to amend, the Court denied leave and held that Truinject failed to establish

---

[31] C.A. No. 19-592, D.I. 193.

[32] C.A. No. 4:20-cv-457-ALM, D.I. 59 at 4.

[33] C.A. No. 20-1675, D.I. 72.

good cause and failed to act diligently with respect to the Denied Claims set forth in the chart provided above.

As to the Denied Claims asserted against NSH, Inc., Galderma S.A., Galderma Labs, and the Individual Defendants other than Pierre Streit, Truinject was required to, but did not, present the Denied Claims in the Delaware Suit.[34] The Court's denial of leave to amend these proposed claims operates as a final judgment.[35] Accordingly, any attempt to relitigate them in the future (whether in Delaware or elsewhere) is barred by *res judicata*.[36] To the extent that Truinject disagrees with the Court's denial of the Motion for Leave, its remedy is an appeal.[37] Accordingly, the Court should find that its denial of leave to amend the these claims operates as a final judgment on the merits for such claims and dismiss them with prejudice from the transferred action (C.A. No. 20-1675).

Alternatively, the Court should dismiss the Denied Claims asserted against NSH, Inc., Galderma S.A., Galderma Labs, and the Individual Defendants other than Pierre Streit based on improper claim splitting.[38] Truinject is already prosecuting claims against Galderma, SA, SHDS, Inc. (f/k/a NSH, Inc.) and Galderma Labs arising out of the same operative facts.[39] Thus, Truinject

---

[34] *Conceicao v. Nat'l Water Main Cleaning Co.*, 650 F. App'x 134, 3 (3d Cir. 2016).

[35] *McKenna v. City of Philadelphia*, 304 F. App'x 89, 93 (3d Cir. 2008) ("For res judicata purposes, 'denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action.'").

[36] *See Conceicao*, 650 F. App'x at 135–36.

[37] *Acosta v. Gaudin*, No. 2:17-cv-366, 2017 WL 4685548, at *4 (W.D. Pa. Oct. 18, 2017).

[38] *Acosta*, 2017 WL 4685548, at *2-4.

[39] *See* C.A. No. 4:20-cv-457-ALM, D.I. 59 at 4 (the Texas Suit is a "textbook example" of an overlapping suit that centered around the same operative facts as the Delaware Suit).

was required to include these claims in the Delaware Suit and cannot assert them in a separate suit.[40] The Court should dismiss these claims with prejudice on this alternative basis.[41]

As another alternative, the Denied Claims should remain stayed to prevent any further claim-splitting attempts by Truinject. A dismissal *without* prejudice (or granting Truinject's requested transfer back to Texas) will result in a duplicative, vexatious and never-ending litigation against Galderma, SA, NSH, Inc. and Galderma Labs in another jurisdiction(s).

**Claims against Quintin Cassady and David Lee.** In addition to the reasons discussed above, the claims against Mr. Cassady and Mr. Lee should be dismissed under Rule 12(b)(6) based on litigation immunity and other dispositive defenses.

**Claims against NSH, SA and Pierre Streit.** Because the Court does not have personal jurisdiction over NSH S.A. or Pierre Streit, the Court should stay these claims pending a final judgment in Delaware Suit.

---

[40] *Acosta,* 2017 WL 4685548, at *2.

[41] *McKenna*, 304 F. App'x at 94 (affirming second filed court's dismissal with prejudice because claims for which first filed court denied leave could not be relitigated and neither a stay nor dismissal without prejudice would change the end result).

Dated: October 1, 2021

| | |
|---|---|
| **SMITH KATZENSTEIN & JENKINS, LLP** | **MORRIS, NICHOLS, ARSHT & TUNNELL, LLP** |
| */s/ Kelly A. Green* | */s/ Jeremy A. Tigan* |
| David A. Jenkins (No. 932) | Jack B. Blumenfeld (No. 1014) |
| Neal C. Belgam (No. 2721) | Jeremy A. Tigan (No. 5239) |
| Kelly A. Green (No. 4095) | 1201 North Market Street |
| Eve H. Ormerod (No. 5369) | P.O. Box 1347 |
| 1000 West Street, Suite 1501 | Wilmington, DE 19899 |
| Wilmington, DE 19801 | (302) 658-9200 |
| (302) 652-8400 | jblumenfeld@morrisnichols.com |
| djenkins@skjlaw.com | jtigan@morrisnichols.com |
| nbelgam@skjlaw.com | |
| kgreen@skjlaw.com | *Attorneys for Defendants* |
| eormerod@skjlaw.com | |
| | OF COUNSEL: |
| *Attorneys for Plaintiff Truinject Corp.* | |
| | Michael C. Wilson |
| OF COUNSEL: | Jenny Martinez |
| | Zachary Tobolowsky |
| Leo R. Beus | Charles T. Zerner |
| Patrick J. McGroder, III | **MUNCK WILSON MANDALA, LLP** |
| L. Richard Williams | 600 Banner Place Tower |
| K. Reed Willis | 12770 Coit Road |
| **BEUS GILBERT PLLC** | Dallas, TX 75251 |
| 701 North 44th Street | (972) 628-3600 |
| Phoenix, AZ 85008-6504 | |