# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUINJECT CORP., | ) |
| Plaintiff, | ) C.A. No. 20-1675 (GBW) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| NESTLÉ S.A, NESTLÉ SKIN HEALTH, S.A., GALDERMA, S.A., GALDERMA LABORATORIES, L.P., NESTLÉ SKIN HEALTH, INC., JOHN ROGERS, STUART RAETZMAN, SCOTT MCCREA, ALISA LASK, WARREN J. WINKELMAN, PIERRE STREIT, QUINTIN CASSADY, PER LANGÖ, HANH PHAM, ERICK BRENNER, TIPHANY LOPEZ, DAVID LEE, AND DIDIER LECLERCQ, | ) |
| Defendants. | ) |

## JOINT STATUS REPORT PURSUANT TO ORAL ORDER [D.I. 91]

Pursuant to the Court's October 24, 2022 Oral Order [D.I. 91], Plaintiff Truinject Corporation ("Truinject") and Defendants Galderma Laboratories, L.P., Galderma S.A., SHDS, Inc. f/k/a Nestlé Skin Health, Inc., Galderma Holding S.A. f/k/a Nestlé Skin Health S.A., John Rogers, Stuart Raetzman, Scott McCrea, Alisa Lask, Warren Winkelman, Quintin Cassady, Per Langö, Hanh Pham, Erick Brenner, Tiphany Lopez, David Lee, Didier Leclercq, and Pierre Streit[1] (collectively, "Defendants"), submit this joint status report:

---

[1] This status report is made subject to and without waiving any objection by Galderma Holding S.A. f/k/a Nestlé Skin Health S.A. and Pierre Streit that the Court lacks personal jurisdiction over them.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### A. The Delaware Suit - C.A. No. 19-592

On October 12, 2018, Truinject filed suit in the United States District Court for the Central District of California (the "California District Court") against Nestlé Skin Health, S.A. ("NSH S.A."), Galderma, S.A., Galderma Laboratories, L.P. ("Galderma Labs"), John Rogers, Stuart Raetzman, Scott McCrea, Alisa Lask, and Tiphany Lopez. The complaint asserted claims for patent infringement, trade secret misappropriation, trade dress infringement, unfair competition, breach of contract, breach of good faith and fair dealing, deceit, aiding and abetting fraud, and tortious interference with business expectancy/prospective economic advantage.[3]

On March 29, 2019, the California District Court transferred the case to the United States District Court for the District of Delaware (the "Court") based on mandatory forum selection clauses.[4] On May 29, 2019, Truinject filed a First Amended Complaint, where it added Nestlé Skin Health, Inc. (n/k/a SHDS, Inc.) ("NSH, Inc.") as a defendant.[5] On March 17, 2020, the Court dismissed NSH S.A. for lack of personal jurisdiction and dismissed all claims against Rogers, Raetzman, McCrea, Lopez, and Lask for failure to state a claim.[6] The Court also dismissed certain claims asserted against Galderma Labs, Galderma S.A., and NSH, Inc. for failure to state a claim.[7] In its March 17, 2020 Order, the Court held:

---

[2] The background and procedural history of this litigation are summarized in the Reports and Recommendations issued by the Court in related case, C.A. No. 19-592-LPS-JLH, D.I. 169 and D.I. 178.

[3] C.A. No. 19-592, D.I. 1.

[4] C.A. No. 19-592, D.I. 101.

[5] C.A. No. 19-592, D.I. 112.

[6] C.A. No. 19-592, D.I. 193.

[7] *Id*.

Truinject may file an amended complaint addressing the specific deficiencies identified by [Judge Hall's Report and Recommendation, D.I 175]. Any such amended complaint . . . shall not contain any new causes of action. If Truinject wishes to expand this case beyond addressing the specific deficiencies noted in [Judge Hall's Report], it must seek leave to amend and obtain Defendants' consent and/or be granted leave by the Court.[8]

On April 30, 2020, Truinject filed a Corrected Second Amended Complaint against Galderma S.A., Galderma Labs, and NSH, Inc. (collectively, the "Delaware Defendants") for breach of contract, tortious interference, patent infringement, trade secret misappropriation, trade dress infringement, Delaware Deceptive Trade Practices Act ("DTPA") violations, and unfair competition (the "SAC").[9]

On August 28, 2020, Judge Hall entered a Report and Recommendation granting the Delaware Defendants' motion to dismiss the tortious interference claims and rejecting the unfair competition claim to the extent that it relies on allegations of trade secret misappropriation, passing off, or the Physician Payment Sunshine Act.[10] On November 20, 2020, the Court issued a Memorandum Order adopting Judge Hall's June 18, 2020 and August 28, 2020 Reports and Recommendations.[11] In its Order, the Court authorized Truinject to file a third amended complaint solely for the purpose of amending its tortious interference claims no later than December 11, 2020.[12] Truinject did not file an amended complaint.

---

[8] *Id*. at 7-8.

[9] Case 19-592, D.I. 204.

[10] Case 19-592, D.I. 250.

[11] Case 19-592, D.I. 264.

[12] *Id*.

### B. The Texas Suit - C.A. No. 20-1675

On June 5, 2020, Truinject filed a complaint in the United States District Court for the Eastern District of Texas (the "Texas Court") against the Delaware Defendants and other individuals and entities currently or formerly affiliated with or employed by the Delaware Defendants (the "Texas Suit"). The Texas Suit added:

- Fourteen individual defendants (the "Individual Defendants") – five of whom this Court had exercised jurisdiction over and dismissed (Raetzman, Rogers, McCrea, Lopez, and Lask), and eight of whom are or were employed by Galderma Labs or its affiliates (Langö, Brenner, Cassady, Lee, Pham, Winkelman, Leclercq, and Streit).

- Four foreign entity defendants–Nestlé S.A., EQT AB, PSP Investments, Luxinva S.A.[13]

- An antitrust claim for attempted monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2 and the California Cartwright Act, against the Delaware Defendants, NSH S.A., Nestlé S.A., EQT AB, PSP Investments, and Luxinva S.A.

On August 28, 2020, certain defendants in the Texas Suit filed a Rule 12(b)(6) Motion to Dismiss or, in the Alternative, to Transfer. On November 18, 2020, Judge Amos L. Mazzant granted the motion and transferred the Texas Suit to this District finding Truinject's claims were duplicative of and based on the same facts as the SAC.[14] The transferred Texas Suit was assigned a new District of Delaware case number, C.A. No. 20-1675, which is the subject of this Joint Status Report.

On January 8, 2021, the parties submitted a Joint Statement Pursuant to D. Del. L.R. 81.2.[15] On February 9, 2021, the Court adopted Defendants' Joint Statement proposal and held that if Truinject wished to proceed on any of the claims asserted in the transferred Texas Suit, "it is

---

[13] Nestlé, S.A. has not been served with process. On November 30, 2020, Truinject dismissed EQT AB, PSP Investments, and Luxinva S.A. C.A. No. 4:20-cv-457-ALM, D.I. 60.

[14] C.A. No. 4:20-cv-457-ALM, D.I. 59. After the transfer, Pierre Streit received a mailing purporting to serve him in Switzerland.

[15] C.A. No. 20-1675, D.I. 70.

4

required to file a motion seeking leave to amend its operative complaint in related action C.A. No. 19-592, and must satisfy the standards for prevailing on such a motion. Such motion shall be filed in both the instant action (C.A. No. 20-1675) and the related action (C.A. No. 19-592)."[16]

On April 9, 2021, Truinject filed its Motion for Leave to File its Third Amended Complaint (the "Motion for Leave") in both the instant action and the related action, as required.[17] On September 14, 2021, Magistrate Judge Hall held a hearing on the Motion for Leave and issued an opinion from the bench granting in part and denying in part Truinject's Motion for Leave.[18] Specifically, Judge Hall recommended Truinject be granted leave to amend its complaint in the Delaware Suit to add patent infringement and trade dress claims against Galderma Labs and Galderma S.A. (the "Granted Claims"). Judge Hall recommended Truinject be denied leave to add any of the following claims from the transferred Texas Suit ("the Denied Claims"):[19]

| Defendant | Recommended Denied Claims | Court's Reason for Recommending Denial |
|---|---|---|
| NSH, Inc. | Breach of 2/7/17 CDA<br>Breach of 2/18/16 CDA<br>Attempted Monopolization<br>California Cartwright Act | Court concluded Truinject failed to act diligently in seeking amendment. And, the Court found there is no good cause to amend. |
| Galderma S.A. | Attempted Monopolization<br>California Cartwright Act | Court concluded Truinject did not act diligently; therefore, there is no good cause to amend. |

---

[16] C.A. No. 20-1675, D.I. 72.

[17] C.A. No. 19-592, D.I. 293, 294; C.A. No. 20-1675, D.I. 74.

[18] C.A. No. 20-1675, D.I. 84, 85. *See also* C.A. No. 19-592, D.I. 354, 355. On September 24, 2021, the Court issued its Memorandum and Opinion which incorporates its Oral Order. C.A. No. 20-1675, D.I. 86. *See also* C.A. No. 19-592, D.I. 358.

[19] C.A. No. 20-1675, D.I. 86. *See also* C.A. No. 19-592, D.I. 358.

5

| Defendant | Recommended Denied Claims | Court's Reason for Recommending Denial |
|---|---|---|
| Galderma Labs | Breach of 2014 ENA<br>Attempted Monopolization<br>California Cartwright Act | The Court did not find good cause to add the breach of ENA claim.<br>Court concluded Truinject did not act diligently to add the antitrust claims; therefore, there is no good cause to amend. |
| Individual Defendants | Trade Secret Misappropriation (DTSA)<br>Trade Secret Misappropriation (DUTSA)<br>Unfair Competition | Court did not find good cause for Truinject's proposed amendments relating to the Individual Defendants. |
| NSH, S.A. | Breach of 2/7/17 CDA<br>Breach of 2/18/16 CDA<br>Patent Infringement ('836 Patent)<br>Patent Infringement ('231 Patent)<br>Patent Infringement ('232 Patent)<br>Trade Secret Misappropriation (DTSA)<br>Trade Secret Misappropriation (DUTSA)<br>Trade Dress Infringement<br>Delaware DTPA<br>Unfair Competition<br>Attempted Monopolization<br>California Cartwright Act | Court did not find good cause for Truinject's proposed amendments relating to NSH, S.A. |

Judge Hall further ordered the parties to submit a status report regarding (1) which of the claims should be dismissed from the transferred Texas Suit (No. 20-1675) because they are being litigated in the Delaware Suit (No. 19-592) and (2) what to do with the remaining claims.[20]

On September 28, 2021, Truinject filed Objections to Judge Hall's Memorandum Order.[21] On October 1, 2021, the parties submitted a Joint Status Report regarding how to proceed with the

---

[20] C.A. No. 20-1675, D.I. 84 & 86 at 8. *See also* C.A. No. 19-592, D.I. 355 & 358 at 8.

[21] C.A. No. 19-592, D.I. 360.

transferred Texas Suit and requested the opportunity to fully brief their positions on those issues.[22] On October 15, 2021, Defendants filed their Response to Truinject's Objections to Judge Hall's Memorandum Order.[23] On October 19, 2021, the Court stayed the Texas Suit (No. 20-1675) pending the Court's resolution of Truinject's objections to the Memorandum Order.[24] The Court has not yet ruled on Truinject's Objections to the Memorandum Order.

The Delaware and Texas Suits were assigned to the District of Delaware's Vacant Judgeship on March 23 and March 25, 2022, respectively.[25] Also on March 25, 2022, the Texas Suit was administratively closed.[26] The Court's oral order noted that should any party wish to lift the stay, it must file an appropriate motion.[27] No party has filed any motion to lift the stay in the Texas Suit. On September 7, 2022, the Delaware and Texas Suits were reassigned to Judge Gregory B. Williams.

On October 24, 2022, the Court ordered the parties to confer and submit a joint status report regarding the Texas Suit.[28] On October 31, 2022, the parties met and conferred about the joint status report.

## STATUS OF ISSUES THAT REQUIRE JUDICIAL ACTION

The parties identify the following matters that require judicial attention and request a status conference to discuss these issues with the Court: (1) Truinject's pending Objections to Judge Hall's Memorandum Order on Truinject's Motion for Leave to File its Third Amended Complaint

---

[22] C.A. No. 20-1675, D.I. 87 at 6.
[23] C.A. No. 19-592, D.I. 371.
[24] C.A. No. 20-1675, D.I. 89.
[25] C.A. No. 19-592, D.I. 489; C.A. No. 20-1675, D.I. 90.
[26] C.A. No. 20-1675, D.I. 90.
[27] *Id.*
[28] C.A. No. 20-1675, D.I. 91.

7

(C.A. No. 19-592, D.I. 358, 360); (2) the parties' positions on how to proceed with the transferred Texas Suit (which are summarized in the October 1, 2021 Joint Status Report (C.A. No. 20-1675, D.I. 87)); and (3) the deadline for Defendants to answer or otherwise respond to the Corrected Second Amended Complaint in the Delaware Suit (C.A. No. 19-592, D.I. 204). The parties request the opportunity to submit briefing regarding issues identified in this Joint Status Report.

| | |
|---|---|
| SMITH, KATZENSTEIN & JENKINS LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ David A. Jenkins | /s/ Jeremy A. Tigan |
| David A. Jenkins (No. 932) <br> Neal C. Belgam (No. 2721) <br> Kelly A. Green (No. 4026) <br> 1000 West Street, Suite 1501 <br> Wilmington, DE 19801 <br> (302) 652-8400 <br> djenkins@skjlaw.com <br> nbelgam@skjlaw.com <br> kgreen@skjlaw.com | Jack B. Blumenfeld (#1014) <br> Jeremy A. Tigan (#5239) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE 19899 <br> (302) 658-9200 <br> jblumenfeld@morrisnichols.com <br> jtigan@morrisnichols.com |
| *Attorneys for Plaintiff Truinject Corp.* | *Attorneys for Defendants* |
| OF COUNSEL: | OF COUNSEL: |
| Leo R. Beus <br> Patrick J. McGroder, III <br> L. Richard Williams <br> BEUS GILBERT PLLC <br> 701 North 44th Street <br> Phoenix, AZ 85008-6504 <br> (480) 429-3000 | Michael C. Wilson <br> Jenny L. Martinez <br> William A. Munck <br> Sarah J. Lopano <br> Charles T. Zerner <br> Chase A. Coburn <br> Tri T. Truong <br> MUNCK WILSON MANDALA, LLP <br> 600 Banner Place Tower <br> 12770 Coit Road <br> Dallas, TX 75251 <br> (972) 628-3600 |

October 31, 2022